BENJAMIN B. WAGNER
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
4401 Federal Courthouse
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
    United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CR-00350-LJO |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| BRIAN KEITH MURPHY, | |
| Defendant. | |

Based upon the plea agreement entered into between United States of America and defendant Brian Keith Murphy, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 2253(a), defendant Brian Keith Murphy's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a. Maxtor internal hard drive, bearing serial number V500CA3G,
   b. Western Digital internal hard drive, bearing serial number WMAYO 153 1160,
   c. Seagate internal hard drive, bearing serial number 6VPBT1XQ,
   d. Seagate internal hard drive, bearing serial number 6VPBSV2C,

    e. Seagate hard drive, bearing serial number 6VPEVEA4,
    f. Hitachi hard drive, bearing serial number CFG1YT1D,
    g. Hitachi hard drive, bearing serial number CFG2AN7E,
    h. Hitachi hard drive, bearing serial number MRGZE0KBEZ8LPG,
    i. Maxtor hard drive, bearing serial number T6H47YFC,
    j. Maxtor hard drive, bearing serial number Y34W0HDE,
    k. Maxtor hard drive, bearing serial number Y4510NFE,
    l. Maxtor hard drive, bearing serial number 5LS63509,
    m. Maxtor hard drive, bearing serial number V500CBAG,
    n. Maxtor hard drive, bearing serial number V500BY1G,
    o. Maxtor hard drive, bearing serial number V500BYSG,
    p. Dell laptop computer, bearing service tag number DLXWX51,
    q. Compact Discs and DVDs,
    r. SD cards and Thumb drive, with no serial numbers, and
    s. 47 pairs of boys' undergarments.

  2. The above-listed assets constitute property which contain visual depictions produced, transported, mailed, shipped or received, or is property used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. § 2252(a)(2).

  3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the United States Department of Homeland Security, Customs and Border Protection in its secure custody and control.

  4. a. Pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site [www.forfeiture.gov](www.forfeiture.gov). The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

   b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

  5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253(a), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: **July 3, 2012**        **/s/ Lawrence J. O'Neill**
                 UNITED STATES DISTRICT JUDGE